IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON

| | |
|---|---|
| Katherine Turner, | Case No. |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| ET Efficient Transportation of Ohio LLC; Justin Miller, LLC; and Justin L. Miller, | Jury Demand Endorsed Hereon |
| Defendants. | |

## COMPLAINT AND JURY DEMAND

1.      Plaintiff Katherine Turner brings this action against Defendants ET Efficient Transportation of Ohio LLC; Justin Miller, LLC; and Justin L. Miller, ("Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff with time-and-a-half overtime wages for hours worked in excess of 40 hours per week and Defendants' willful withholding of Plaintiff's paychecks as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Ohio Constitution, Article II, Section 34a ("Section 34a"), the Ohio Minimum Wage Fair Standards Act (the "OMWFSA"), O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"), O.R.C. § 2307.60, in addition to an Ohio common law claim of unjust enrichment and Defendants' violation of their Ohio Constitutional recordkeeping duties.

2.      Defendant Justin L. Miller is a member and owner of Justin Miller, LLC.

3.      Defendant Justin L. Miller is an owner and officer of ET Efficient Transportation of Ohio LLC.

4.      Defendant Justin Miller, LLC is a member and owner of ET Efficient Transportation of Ohio LLC.

5.      Upon information and belief, Defendant ET Efficient Transportation of Ohio LLC is a wholly owned subsidiary of Justin Miller, LLC.

6.      Defendants own and/or operate a transportation company that offers long-haul and short-haul trucking, shipping, and transportation services based out of Northeastern Ohio.

7.      Plaintiff worked for Defendants from approximately February 25, 2020, to December 5, 2020.

8.      Plaintiff worked for Defendants under the title of dispatcher from approximately February 25, 2020, until August 11, 2020.

9.      Plaintiff worked for Defendants under the title of office manager from approximately August 11, 2020, to December 5, 2020.

10.      Defendants "promoted" of Plaintiff to office manager, but this was, functionally, only a change of title. Plaintiff continued performing all her dispatcher duties as before but was expected to complete additional office manager duties.

11.      Defendants misclassified Plaintiff as an Independent Contractor during her employment.

12.      While working for Defendants, Plaintiff regularly worked in excess of 40 hours per week.

13.     While working for Defendants, Plaintiff was not compensated at time-and-a-half overtime wages for hours worked in excess of 40 hours per week.

14.     Defendants are withholding three paychecks owed to Plaintiff.

15.     Defendants repeatedly and willfully violated the Fair Labor Standards Act; Oh. Const. Art. II, § 34a; O.R.C. §2307.60; O.R.C. § 4111.03; and O.R.C. § 4113.15 by failing to pay Plaintiff wages for overtime hours worked and withholding paychecks.

16.     Defendants willfully violated and Oh. Const. Art. II, § 34a by failing to maintain records of Plaintiff's hours worked and/or failing to produce Plaintiff's complete records when requested.

17.     Defendants have been unjustly enriched at Plaintiff's expense.

## Jurisdiction and Venue

18.     Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

19.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Ohio law claims.

20.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendants reside in this district.

## Parties

**Plaintiff**

**Katherine Turner**

21.     Plaintiff Katherine Turner is a resident of Ohio.

22.     Plaintiff was misclassified as an Independent Contractor by Defendants throughout her employment.

23.     Despite Defendant's labeling, Plaintiff was an "employee" of all of the Defendants as defined in the FLSA and Ohio law.

24.     Plaintiff has given written consent to join this action.

**Defendants**

**Justin Miller, LLC**

25.     Defendant Justin Miller, LLC is a corporation headquartered in and around Navarre, Ohio and doing business in Ohio.

26.     Defendant Justin Miller, LLC is an Ohio domestic for-profit corporation authorized to do business under the laws of Ohio, whose primary place of business is located in Navarre, Ohio.

27.     Defendant Justin Miller, LLC was founded and is owned and/or operated by Defendant Justin L. Miller.

28.     Defendant Justin Miller, LLC is a member and owner of Defendant ET Efficient Transportation of Ohio LLC.

29.     Defendant Justin Miller, LLC had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

30.     Defendant Justin Miller, LLC directly or indirectly controlled the terms and conditions of Plaintiff's work.

4

31.     Defendant Justin Miller, LLC maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

32.     Defendant Justin Miller, LLC was Plaintiff's "employer" as that term is defined by the FLSA.

33.     Defendant Justin Miller, LLC has been and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the phrase as used in the FLSA.

34.     Defendant Justin Miller, LLC has gross revenue that exceeds $500,000 per year.

**ET Efficient Transportation of Ohio LLC**

35.     Defendant ET Efficient Transportation of Ohio LLC is a corporation headquartered in and around Dundee, Ohio and doing business in Ohio.

36.     Defendant ET Efficient Transportation of Ohio LLC is an Ohio domestic for-profit corporation authorized to do business under the laws of Ohio, whose primary place of business is located in Sugarcreek, Ohio.

37.     Defendant ET Efficient Transportation of Ohio LLC is owned and operated by Defendants James Miller, LLC and James L. Miller.

38.     Defendant ET Efficient Transportation of Ohio LLC had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

39.     Defendant ET Efficient Transportation of Ohio LLC directly or indirectly controlled the terms and conditions of Plaintiff's work.

40.     Defendant ET Efficient Transportation of Ohio LLC maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

41.     Defendant ET Efficient Transportation of Ohio LLC was Plaintiff's "employer" as that term is defined by the FLSA.

42.     Defendant ET Efficient Transportation of Ohio LLC has been and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the phrase as used in the FLSA.

43.     Defendant ET Efficient Transportation of Ohio LLC has gross revenue that exceeds $500,000 per year.

**Justin L. Miller**

44.     Justin L. Miller is an owner of Justin Miller, LLC.

45.     Justin L. Miller is a member of Justin Miller, LLC.

46.     Justin L. Miller is an owner of ET Efficient Transportation of Ohio LLC.

47.     Justin L. Miller is an officer of ET Efficient Transportation of Ohio LLC.

48.     Justin L. Miller is individually liable to Plaintiff under the definitions of "employer" set forth in the FLSA and Ohio law because he owns and operates Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, ultimately controls significant aspects of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC's day-to-day functions, and ultimately controls compensation and reimbursement of employees. 29 U.S.C. § 203(d).

49.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin Miller has had financial control over the operations of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC.

50.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin L. Miller has a role in significant aspects of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC's day to day operations.

51.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin L. Miller has had control over Justin Miller, LLC and ET Efficient Transportation of Ohio LLC's pay policies.

52.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin L. Miller has had power over personnel and payroll decisions at Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, including but not limited to influence over dispatcher and office manager pay.

53.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin L. Miller has had the power to hire, fire and discipline employees, including dispatchers and office managers at ET Efficient Transportation of Ohio LLC.

54.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin L. Miller has had the power to stop any illegal pay practices that harmed Plaintiff.

55.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin L. Miller has had the power to transfer the assets and liabilities of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC.

56.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin L. Miller has had the power to declare bankruptcy on behalf of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC.

57.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin L. Miller has had the power to enter into contracts on behalf of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC.

58.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin L. Miller has had the power to close, shut down, and/or sell Justin Miller, LLC and ET Efficient Transportation of Ohio LLC.

59.     At all relevant times, by virtue of his role as owner of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC, Justin L. Miller had authority over the overall direction of Justin Miller, LLC and ET Efficient Transportation of Ohio LLC and was ultimately responsible for their operations.

60.     Justin Miller, LLC and ET Efficient Transportation of Ohio LLC function for Justin L. Miller's profit.

61.     Justin L. Miller has influence over how Justin Miller, LLC and ET Efficient Transportation of Ohio LLC can be run more profitably and efficiently.

**Individual Facts**

62.     Plaintiff Katherine Turner worked for Defendants from February 25, 2020 to December 5, 2020.

63.     Initially, Plaintiff worked solely as a dispatcher.

64.     Defendants hired Plaintiff at a wage of $14.00 per hour.

65.     At the start of her employment, Defendants' policy was to retain the first three weeks of a new employee's compensation.

66.     To date, Plaintiff has not received any compensation for the first three weeks of her employment, meaning she was not paid minimum wage for the first three weeks of her employment.

67.     Plaintiff was misclassified as an independent contractor by Defendants throughout her employment.

68.     Plaintiff was paid hourly until approximately May 13, 2020.

69.     While being paid hourly, Plaintiff tracked her time and submitted timesheets to Defendants.

70.     Plaintiff routinely worked between 50–60 hours per week.

71.     Plaintiff was paid $14.00 per hour even if she worked hours in excess of 40 per work week.

72.     As a dispatcher, Plaintiffs was owed time-and-a-half her hourly rate ($21.00 per hour) for hours worked in excess of 40 per workweek.

73.     Defendants failed to pay Plaintiff time-and-a-half her hourly rate in violation of 29 U.S.C. § 207.

74.     Beginning on or about May 13, 2020, Defendants stopped paying Plaintiff at an hourly rate and instead paid her a salary of $900.00 per week.

75.     Despite the compensation change, Plaintiff's job duty was the same—she worked as a dispatcher.

76.     Despite the compensation change, Plaintiff routinely worked between 50–60 hours per workweek.

77.     As a result of the change to salary, Plaintiff stopped tracking her hours worked and stopped submitting timesheets.

78.     Neither Plaintiff nor Defendants tracked Plaintiff's hours worked after Plaintiff was changed to being paid by salary.

79.     As a dispatcher, Plaintiff was required to work Monday to Friday from 8:00 AM to 4:00 PM, but routinely worked between 50–60 hours per week.

80.     As a dispatcher, Plaintiff's work necessitated that she regularly took calls from truck drivers before getting to the office as early as 6:00 AM.

81.     As a dispatcher, Plaintiff's work necessitated that she regularly took calls from truck drivers after leaving the office until as late as 9:00 PM.

82.     As a dispatcher, Plaintiff's work necessitated that she work on all Saturdays and about half the Sundays in a given month.

83.     During June and/or July for an approximately month-long period, Plaintiff was responsible for all the truck drivers and during that time worked seven days per week and approximately 70 hours per week.

84.     In one pay period, Plaintiff was paid only $850.00 because she left work early on one occasion in order to pick up her daughter from school.

85.     Plaintiff's duties as a dispatcher included implementing and monitoring truck drivers' schedules received from management, contacting customers or brokers to arrange return deliveries for truck drivers, and maintaining frequent communication with truck drivers to avoid logistical problems and ensure the smooth operation of ET Efficient Transportation of Ohio LLC's business.

86.     Plaintiff's duties as a dispatcher required that she be available at all times to promptly assist truck drivers when needed.

87.     One call from a truck driver could necessitate from 20 minutes to two hours of work between speaking to drivers, suppliers, and customers, determining driver's routes, or addressing whatever other issue that the driver needed resolved.

88.     Because Plaintiff needed to be available at all times, she necessarily had to bring work materials, which included a company phone, company computer, and files, with her at all times and everywhere she went. For example, Plaintiff had to bring work materials with her when visiting her father, when going to the grocery store, and regularly had to miss or leave her daughter's golf competitions to work.

89.     Plaintiff was "promoted" to office manager on or about August 11, 2021.

90.     Despite the title change, Plaintiff's primary job duty was the same—she continued working primarily as a dispatcher.

91.      Plaintiff continued performing all her existing dispatcher job duties but additionally performed office manager duties.

92.    Plaintiff's additional office manager duties included adding new drivers to the company's insurance, coordinating meetings, assisting in new driver orientation, running errands, and making orders for the office.

93.    Plaintiff continued to be paid a salary of $900.00 per week.

94.    Plaintiff continued to routinely work between 50–60 hours per week.

95.    Plaintiff continued to be required to work Monday to Friday from 8:00 AM to 4:00 PM and continued working Saturdays and about half the Sundays in a given month.

96.    Plaintiff continued to regularly receive calls from and assist truck drivers between 6:00 AM and 9:00 PM.

97.    Plaintiff continued needing to bring work materials with her wherever she went.

98.    Plaintiff continued believing that she was not entitled to overtime pay, and thus continued to not track the hours she worked.

99.    Defendants continued failing to track Plaintiff's hours.

100.    Defendants continued failing to pay Plaintiff overtime.

101.    Defendants terminated Plaintiff on or about December 5, 2020.

### Causes of Action

### Count 1
### Failure to Pay Overtime Wages - Fair Labor Standards Act
### (On Behalf of Plaintiff against all Defendants)

102.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

103.    Plaintiff was misclassified as an independent contractor by Defendants.

12

104.     Despite Defendants placing this label on the relationship, Plaintiff was an employee of Defendants under the FLSA.

105.     Plaintiff worked more than 40 hours in one or more workweeks during her employment with Defendants.

106.     Defendants did not pay Plaintiff one and a half times her normal hourly rate for time worked in excess of 40 hours per workweek, but instead paid her a set weekly payrate no matter how many hours she worked.

107.     By not paying Plaintiff proper overtime wages for time worked in excess of 40 hours in a workweek, Defendants have willfully violated the FLSA.

108.     As a result of Defendants' willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**Count 2**
**Failure to Pay Minimum Wages - Fair Labor Standards Act**
**(On Behalf of Plaintiff against all Defendants)**

109.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

110.     Plaintiff was misclassified as an independent contractor by Defendants.

111.     Despite Defendants placing this label on the relationship, Plaintiff was an "employee" of Defendants as defined under the FLSA.

112.     Plaintiff was actually a non-exempt, hourly employee entitled to receive no less than minimum wage for all hours worked.

113.     By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff.

114.    Plaintiff has been damaged by Defendants' willful failure to pay minimum wage as required by law.

115.    As a result of Defendants' willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## Count 3
### Damages Pursuant to O.R.C. §2307.60
### (On Behalf of Plaintiff against all Defendants)

116.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

117.    Plaintiff was misclassified as an independent contractor by Defendants.

118.    Despite Defendants placing this label on the relationship, Plaintiff was an employee of Defendants under the FLSA and Ohio law.

119.    A willful violation of the FLSA is a criminal act. 29 U.S.C. § 216(a).

120.    By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff has been injured as a result.

121.    During all relevant times, Defendants were employers covered by O.R.C. § 4111.03.

122.    O.R.C. § 4111.03(A) requires Defendants pay Plaintiff time-and-a-half for all hours worked in excess of 40 hours in one workweek.

123.    O.R.C. § 4111.13(C) prohibits an employer from agreeing to pay wages at a rate less than the rate applicable in O.R.C. § 4111.03.

124.    Defendants violated O.R.C. § 4111.13(C) and Plaintiff was injured as a result.

125.    Pursuant to O.R.C. § 4111.99(B) violation of O.R.C. 4111.13(C) is a misdemeanor of the third degree.

126.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

127.    As a result of Defendant's violations, Plaintiff is entitled to damages, including, but not limited to, compensatory and punitive damages pursuant to O.R.C. 2307.60.

**Count 4**
**Untimely Payment of Wages – O.R.C. § 4113.15**
**(On Behalf of Plaintiff against all Defendants)**

128.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

129.    Plaintiff was misclassified as an independent contractor by Defendants.

130.    Despite Defendants placing this label on the relationship, Plaintiff was an employee of Defendants under the FLSA and Ohio law.

131.    During all relevant times, Defendants were employers covered by O.R.C. § 4113.15.

132.    O.R.C. § 4113.15(A), requires that Defendants pay Plaintiff all wages, or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

133.    By failing to pay Plaintiff all wages due to her under the FLSA and Ohio law, Defendants have also violated the Ohio Prompt Pay Act.

134.    Plaintiff's unpaid wages for minimum wage and overtime wages have remained unpaid for more than 30 days beyond her regularly scheduled payday.

135.    In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard for Ohio law.

136.    As a result of Defendants' willful violation, Plaintiff is entitled to unpaid wages and liquidated damages under O.R.C. § 4113.15.

**Count 5**
**Unjust Enrichment**
**(On Behalf of Plaintiff against all Defendants)**

137.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

138.    Plaintiff has conferred a benefit on Defendants by working overtime in mornings and evenings outside normal business hours.

139.    Plaintiff has conferred a benefit on Defendants by being near-constantly available to address truck drivers' needs when called upon.

140.    These benefits include, but are not limited to, increased profits and increased business value.

141.    Defendants are aware of and have accepted the benefit conferred on them by Plaintiff.

142.    It would be unjust for Defendants to be permitted to retain the benefit conferred on them by Plaintiff without commensurate compensation.

**Count 6**
**Failure to Keep Records – Oh. Const. Art II § 34(a)**
**(On Behalf of Plaintiff against all Defendants)**

16

143.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

144.     Plaintiff was misclassified as an independent contractor by Defendants.

145.     Despite Defendants placing this label on the relationship, Plaintiff was an employee of Defendants under the FLSA and Ohio law.

146.     Plaintiff requested records of her name, address, occupation, pay rate, hours worked for each day worked, and each amount paid from Defendants.

147.     Defendants failed to provide Plaintiff's timesheets or other information reflecting the number of hours Plaintiff worked.

148.     Defendants failed to maintain records required by the Ohio Constitution.

149.     Defendants failed to provide records they were required to provide pursuant to the Ohio Constitution.

150.     By failing to provide and/or maintain required records, Defendants violated of Oh. Const. Art II § 34(a).

151.     As a result, Plaintiff is entitled to attorney's fees resulting from the additional work required by Defendants' deficiency.

**WHEREFORE**, Plaintiff Katherine Turner prays for all of the following relief:

A.     Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

B.     Unpaid minimum wages and an additional and equal amount as treble damages pursuant to Ohio Const., art. II, § 34a.

C.      Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

D.      A declaratory judgment that the practices complained of herein are unlawful under O.R.C. § 4111.03;

E.      An award of compensatory and punitive damages under O.R.C. § 2307.60;

F.      A declaratory judgment that the practices complained of herein are unlawful under O.R.C. § 4113.15;

G.      An award of unpaid overtime wages due under O.R.C. § 4113.15;

H.      Liquidated damages under O.R.C. § 4113.15;

I.      An award of the value of which Defendants were unjustly enriched by work performed by Plaintiff;

J.      A declaratory judgment that the practices complained of herein are unlawful under Oh. Const. Art. II § 34(a);

K.      An award of prejudgment and post-judgment interest;

L.      An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees; and

M.      Such other legal and equitable relief as the Court deems appropriate.


Respectfully submitted,


/s/ *Phil Krzeski*
Andrew R. Biller (Ohio Bar # 0081452)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219

18

Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (Ohio Bar # 0093172)
Philip J. Krzeski (Ohio Bar # 0095713)
Riley Edward Kane (Ohio Bar # 0100141) (*admission forthcoming*)
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*
*rkane@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*

19

## **JURY DEMAND**

Plaintiff hereby demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

> */s/ Phil Krzeski*
> Phillip J. Krzeski